**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **KAYLA JOHNSON ET AL** | **CASE NO. 2:20-CV-00249** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KRISTOPHER PRUETT ET AL** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the Court is a "Motion for Judgment on the Pleadings by Ricky Moses and Daniel Rick" [Doc. 51] and "Motion for Judgment on the Pleadings by Gene Clark and Kristopher Pruett" [Doc. 53]. Defendants maintain that Plaintiffs have not sufficiently plead either Federal or Louisiana state law claims which can or should survive in this action. Plaintiffs oppose this motion [Doc. 55]. The motion has been properly briefed and is not ripe for decision.

**BACKGROUND**

This suit arises from the fatal shooting of Gary Clark following a dispatch of Officers Pruett, Rick, and Clark to execute an outstanding arrest warrant for Gary Clark. Doc. 50 Third Amended Complaint. Upon arrival of the officers Gary Clark hid in the back bedroom of the residence on Oak Park Road because he feared the outstanding warrants for his arrest. *Id.* A female residing in the residence allowed officers to enter and stated to the police that Gary Clark was located in the back bedroom.

Prior to Officers Pruett, Rick, and Clark's entry to the back bedroom, Gary Clark attempted to escape the officers by exiting the bedroom window while carrying a pistol in

his left hand.[1] *Id.* Officer McKinney, another officer on the scene, pulled his taser and approached the window where Gary Clark was attempting to escape. Upon seeing Officer McKinney, Gary Clark retreated to the bedroom and dropped his firearm. *Id.*

Officers Pruett, Rick, and Clark then entered the bedroom where Gary Clark was located. *Id.* Allegedly fearing for his safety, Officer Pruett discharged his firearm, one time, and shot Gary Clark in the right wrist. Simultaneously, Officer McKinney deployed his taser and the prongs landed on Gary Clark's back. Gary Clark then reached across his body to grab something, and Officers Pruett, Rick, and Clark fired 14 rounds from their firearms with 10 rounds striking and killing Gary Clark. *Id.*

**LAW & ANALYSIS**

***a. Rule 12(c) Standard***

A Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) Motion to Dismiss. See *Bennett-Nelson v. Louisiana Bd. Of Regents*, 431 F.3d 448, 450 n. 2 (5th Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted and authorizes a court to dismiss a case pursuant to a motion by the defendant when a plaintiff has not stated a cause of action. *Ceason v. Holt*, 73 F.3d 600 (5th Cir. 1996). "A claim may be dismissed when a plaintiff fails to allege any

[1] There is conflicting in formation about Gary Clark's possession of a firearm in the Third Amended Complaint [Doc. 51] and the "Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings" [Doc. 55]. The Third Amended Complaint makes both assertions Gary Clark did have a firearm in his possession [Doc. 50 pp. 10], and that "at no point during this encounter, did Gary Clark have a firearm in his physical possession" [Doc. 50 pp. 16]. The Court is concerned that in her fervent advocacy of her client, Plaintiff's counsel is attempting to mislead the Court.

set of facts in support of his claim which will entitle him to relief." *U.S. ex. Rel. Willard v. Humana Health Plan of Texas, Inc.*, 33 F.3d 375, 379 (5th Cir. 2003).

The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly

may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

***b. Application***

**1. Qualified Immunity**

The doctrine of qualified Immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 102 S. Ct. 2727,2738 (1982). A right qualifies as clearly established if its "contours. . . are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2078 (2011).

Once the government official asserts qualified immunity, the burden shifts to the plaintiff to negate the defense. *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). To overcome a claim of qualified immunity, a plaintiff must demonstrate (1) that the

official violated a statutory or constitutional right; and (2) that the right was "clearly established." *Ashcroft* at 2080.

Officer Rick has raised qualified immunity to have himself removed from this suit [Doc. 51] and Officers Pruett and Clark have adopted the same argument in their motion [Doc. 53]. The pertinent inquiry to the Court is if the officers used excessive force. To establish a Fourth Amendment claim of excessive force, a plaintiff must show that "he suffered 1) an injury that; 2) resulted directly and only from the use of force that was excessive to the need and that; 3) the use of force was objectively unreasonable." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).

Plaintiffs argue that in this case, the injury is the death of Gary Clark and that the injury resulted directly from the officer's use of force which was unreasonable. Doc. 55. Plaintiffs argue that Officer McKinney originally used non-lethal force to subdue Gary Clark and that the Officer defendants should have done the same. *Id.* Plaintiffs argue that using 14 rounds on Gary Clark after he was already shot in the wrist and tased is objectively unreasonable and as such, the officers cannot be granted qualified immunity. The Court agrees and finds that there are not sufficient grounds to grant defendant officer's Motion for Judgment on the pleadings as to this issue.

**2. State Law Claims**

Defendant officers argue that they are not liable under Louisiana state law and that they are entitled to discretionary immunity. Doc. 51-1 p. 11. Plaintiffs disagree and assert that discretionary immunity will not apply in the instant case because the officers used unreasonable force. Doc. 55 p. 14.

If an arresting officer uses unreasonable force, the officer and his employer are liable for any injuries which result. La. C.C. art. 2320. See also *Picou v. Terrebonne Par. Sheriff's Off. Through Rozands,* 343 So. 2d 306 (La. Ct. App. 1977). A court must evaluate the officer's actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers. *Simmons v. Hughes*, 2019-1389 (La.App. 1 Cir. 11/25/20).

In arguing that discretionary immunity applies to the instant case, defendants use the ruling in *Simmons* as factually comparable. However, in *Simmons*, the officers used a taser which was found to be reasonable concerning the facts and as such the officers were granted immunity. Plaintiffs argue that this case is factually distinguishable as the officers in the instant case fired 14 rounds from a firearm after tasing Gary Clark.

Plaintiffs assert that there were multiple officers located inside the home and that the home also had multiple officers outside. Doc. 55 p. 18. Plaintiffs assert that Gary Clark was surrounded by officers and had dropped his weapon. Plaintiffs argue that instead of simply closing in on Gary Clark and effecting an arrest, the defendant officers chose to use lethal force when Gary Clark posed no threat at the time. Plaintiffs argue that as such, the defendant's use of lethal force was unnecessary and clearly excessive under the circumstances. The Court agrees and finds that there are not sufficient grounds to grant defendant officer's Motion for Judgment on the pleadings as to this issue.

## CONCLUSION

For the reasons set forth above, the "Motion for Judgment on the Pleadings by Ricky Moses and Daniel Rick" [Doc. 51] and "Motion for Judgment on the Pleadings by Gene Clark and Kristopher Pruett" [Doc. 53] are **DENIED** and Plaintiff's claims will not be dismissed.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATE DISTRICT JUDGE**