UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

KAYLA JOHNSON ET AL                    CASE NO.  2:20-CV-00249

VERSUS                                 JUDGE JAMES D. CAIN, JR.

KRISTOPHER PRUETT ET AL                MAGISTRATE JUDGE KAY

<u>MEMORANDUM RULING</u>

Before the court is a Motion for Summary Judgment [doc. 82] filed by defendants Sheriff Ricky Moses, Deputy Daniel Rick, officer Kristopher Pruett, Officer Gene Clark, and the City of DeRidder, with opposition [doc. 103] from plaintiffs. The magistrate judge issued a Report and Recommendation [doc. 104] recommending that the plaintiffs' claims brought under federal law be dismissed with prejudice for lack of merit and that their state law claims be dismissed without prejudice for want of jurisdiction. Defendants then filed objections [doc. 105], requesting that the court instead address the merits of the state law claims.

I.
BACKGROUND

This suit arises from the fatal shooting of Gary Clark on February 27, 2019, by officers of the Beauregard Parish Sheriff's Office. The factual background is more fully set forth in the magistrate judge's report and recommendation, and the court adopts her findings of fact. *See* doc. 104, pp. 2–7. To sum up, BPSO officers arrived at a residence to arrest Clark on a felony warrant. Occupants of the house informed officers that Clark was

in a back bedroom. Deputy McKinney, covering the rear of the house, saw Clark attempt to climb out of a back window with a gun. When Clark saw the officer, he returned to the bedroom. Other officers then entered the bedroom, where they observed two other occupants of the house in a bed and Clark standing by the window with a gun in his hand. Officer Pruett gave Clark a verbal warning to drop the gun, then shot Clark in the right arm or wrist when he did not comply. At the same time Deputy McKinney tased Clark through the bedroom window. Clark fell to the floor but then reached across his body, attempting to grab something. On seeing this the officers fired several more shots, which hit and killed Clark. The officers provided declarations stating that the gun was visible to them at this time and that they feared Clark was reaching for it. Portions of the incident were captured on the taser's camera, corroborating the officers' account.

Plaintiffs Hank Clark (Gary Clark's brother and one of the other occupants of the bedroom) and Kayla Johnson (mother of Clark's two minor children) filed suit in this court, raising claims of excessive force against the defendants under 42 U.S.C. § 1983 as well as state law claims for wrongful death, survival action, and bystander liability. They invoked the court's federal question jurisdiction under 28 U.S.C. § 1331, based on the civil rights claims under 42 U.S.C. § 1983, and supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims. Doc. 50 (third amended complaint). As defendants they named the officers in their personal capacities as well Sheriff Ricky Moses in his official capacity and the City of DeRidder, through its mayor Misty Clanton in her official capacity. The latter two defendants were named under a theory of respondeat superior. Doc. 50.

Defendants moved for summary judgment on all claims, asserting that (1) there is no basis for imposing municipal liability against the city under § 1983; (2) the officers are entitled to qualified immunity on the excessive force claims; (3) defendant officers are entitled to immunity under state law; (4) in the alternative, defendant officers cannot be held negligent because their actions were reasonable under the circumstances; (5) Hank Clark is likewise barred from recovering for bystander damages because of the lack of negligence; and (6) any vicarious liability claim against Sheriff Ricky Moses fails because of the validity of the underlying officer's actions. Doc. 82. Plaintiffs opposed the motion on all grounds. Doc. 103.

The magistrate judge recommended a grant of summary judgment on all of plaintiffs' claims brought under federal law, agreeing that there was no basis for imposing municipal liability and that the officers were entitled to qualified immunity because the undisputed facts showed that they had acted reasonably in using lethal force to neutralize the potential threat posed by the decedent. Doc. 104. As to the state law claims, however, she recommended that the court dismiss these for want of jurisdiction, noting that "[w]hen a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims" so that these may be refiled in state court. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). Plaintiffs filed no response. Defendants object to the recommendation on the state law claims, urging the court to instead address them on the merits. Doc. 105.

## II.
### LAW & APPLICATION

A court may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim(s) over which the court has original jurisdiction, (3) the court has dismissed all claims over which it has original jurisdiction, or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). As noted by the magistrate judge, federal courts will generally decline to exercise supplemental jurisdiction and dismiss pendent state law claims when all federal claims have been dismissed prior to trial. *Bass*, 180 F.3d at 246. The court's decision in this regard "is purely discretionary," however. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The court looks to both the statutory factors set forth under 28 U.S.C. § 1367(c) as well as "the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158–59 (5th Cir. 2011).

Defendants argue that the court should proceed to the merits of the state law claims, rather than declining to exercise jurisdiction over them, because they can be resolved by reference to the federal claims and because substantial resources have already been spent litigating the matter in this court.

Defendants are correct that any state law excessive force claim can be litigated by reference to the federal claims. As the Fifth Circuit has held, "Louisiana's excessive force tort mirrors its federal counterpart." *Deville v Marcantel*, 567 F.3d 156, 172 (5th Cir. 2009). Accordingly, if an officer's use of force is reasonable under the Fourth Amendment, the

plaintiff cannot show that it was unreasonable under state law governing excessive force. *E.g.*, *Durant v. Gretna City*, 2020 WL 263669, at *34 (E.D. La. Jan. 17, 2020). Negligence, however, is a distinct claim that does entail a reasonableness analysis but cannot be said to "mirror" federal law. *Kelly v. Stassi*, 587 F.Supp.3d 409, 427 (M.D.L.A. 2022). Plaintiffs' state law claims are expressly brought under Louisiana Civil Code article 2315. Additionally, defendants have not shown that the Louisiana statutes under which they claim immunity likewise mirror federal law. While the action has been pending in this court for some time, there has been little motion practice and the trial date is still several months away. Accordingly, the court finds inadequate justification to retain these remaining claims sounding purely in state law between non-diverse defendants.

## III.
### CONCLUSION

For the reasons stated above, the court will adopt the Report and Recommendation of the Magistrate Judge.

**THUS DONE AND SIGNED** in Chambers on the 28th day of November, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**